(104 So. 341)

## COURINGTON v. STATE. (6 Div. 519.)

(Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 21, 1925.)

**1. Homicide ☞139—Indictment for murder held in proper form.**

An indictment for murder in the first degree, charging that defendant unlawfully and with malice aforethought killed deceased by shooting him with shotgun, *held* in proper form, in view of Code 1907, §§ 7132, 7161, and Loc. Acts 1919, p. 62.

**2. Criminal law ☞1144(9)—Failure to serve copies of indictment and jury list presumed waived, where not objected to below.**

Where no objection was made below that copy of indictment, and jury list had not been served on defendant, and contrary does not appear from record, appellate court will presume that it was waived.

**3. Criminal law ☞1166½(5)—That no regular venire drawn not ground for reversible error.**

That no regular venire was drawn is not ground for reversal.

**4. Criminal law ☞1166½(5)—No reversible error because of number of names on jury list, where more than 30 names on list.**

No reversible error could result because of number of names on jury list, where there were more than 30 names on list from which defendant was required to strike in securing jury.

**5. Criminal law ☞1159(2)—Conviction not reviewed, where some evidence from which inferences unfavorable to accused might have been drawn.**

Where there is some evidence, however weak, inconclusive and unsatisfactory, from which inference might have been drawn by jury unfavorable to innocence of accused, appellate court cannot pass on weight or sufficiency of such evidence, but must sustain conviction.

**6. Criminal law ☞1186(4)—No reversal for error plainly without prejudice to defendant.**

Under Code 1907, § 6264, no reversal can be had for error which was plainly without prejudice to defendant.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

W. H., alias Hamp, Courington, was convicted of manslaughter in the first degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Courington, 104 So. 343.

The indictment is as follows:

"Circuit Court, Bessemer Division, January Term, 1924.

"The State of Alabama, Jefferson County.

"The grand jury of said county charges that before finding of this indictment W. H., alias Hamp, Courington, alias Hamp Curington, whose name to the grand jury is otherwise unknown, unlawfully and with malice aforethought killed A. J. Snyder by shooting him with a shotgun against the peace and dignity of the state of Alabama."

This order appears in the record:

"In open court this 9th day of February, 1924, it is hereby ordered and commanded that the sheriff summon 85 persons this day drawn from the jury box to serve as jurors for the week beginning Monday, February 25th, 1924, and the judge in open court this day draws from the jury box 85 names which shall constitute the special venire of 85 for the trial of capital cases set for week beginning Monday, February 25th, 1924.

"The court has not and will not draw any regular venire for the week beginning Monday, February 25th, 1924.

"It is further ordered and commanded that a copy of the venire just drawn and a copy of the indictment be served forthwith by the sheriff upon each defendant whose case is set for trial for Monday, February 25th, 1924."

The defendant objected to going to trial upon these grounds among others:

"(2) Because no regular venire has been drawn for the trial of this case and returns made thereon and any additional jurors drawn after the returns on the regular venire having been made. * * *

"(4) Because the court, in fixing the venire for the trial of this case, fixed the number at 85, and that at the time of the impaneling of the jury only 51 jurors were qualified for jury service."

Pinkney Scott, of Bessemer, for appellant.

The motion to quash the venire should have been granted. Morris v. State, 146 Ala. 86, 41 So. 274; Howard v. State, 160 Ala. 6, 49 So. 755; Burton v. State, 115 Ala. 1, 22 So. 585. Defendant was entitled to the affirmative charge. Griffin v. State, 76 Ala. 32.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The indictment is sufficient. Code 1907, §§ 7161, 7132; Local Acts 1919, p. 62; Hardeman v. State, 19 Ala. App. 563, 99 So. 53. The motion to quash the venire was properly overruled. Objections not made at the trial will be presumed to have been waived. Hardeman v. State, supra; White v. State,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

209 Ala. 546, 96 So. 709; Umble v. State, 207 Ala. 508, 93 So. 531; Stewart v. State, 18 Ala. App. 92, 89 So. 391.

RICE, J. The defendant was indicted for murder in the first degree, convicted of manslaughter in the first degree, given two years in the penitentiary, and he appeals.

[1-3] The indictment was in proper form, and there was no error in overruling motion to quash same. Code 1907, § 7161; Local Acts 1919, p. 62; Code 1907, § 7132; Hardeman v. State, 19 Ala. App. 563, 99 So. 53. No objection was made at the trial that copy of the indictment and jury list had not been served on the defendant, and the contrary not appearing from the record, it will be here presumed that this was waived. White v. State, 209 Ala. 546, 96 So. 709. The fact that no regular venire was drawn is not ground for reversible error. Umble v. State, 207 Ala. 508, 93 So. 531.

[4] Since there were more than 30 names on the list from which the defendant was required to strike in securing a jury, no reversible error can result because of the number of names on the list. Stewart v. State, 18 Ala. App. 92, 89 So. 391.

"The trial court properly refused to give for the defendant the general affirmative charge: We cannot undertake to review the evidence at length in this opinion; but we have examined it with painstaking care, and are satisfied that, taken as a whole, it fairly and reasonably permits of inferences favorable to the guilt of the defendant." Pope v. State, 174 Ala. 63, 57 So. 245.

[5] To the above-quoted language of Mr. Justice Somerville in the Pope Case, which language we here adopt and set out as expressing our views in and of the instant case, we will add as also expressing our views of the case before us the following excerpt from the opinion in the case of Toles v. State, 170 Ala. 99, 54 So. 511 (also by Mr. Justice Somerville):

"Suffice it to say that there was some evidence from which inferences might have been drawn by the jury unfavorable to the innocence of the accused. We regard this evidence as weak, inconclusive, and unsatisfactory, and we marvel that a jury would convict upon such flimsy proof. But we are not permitted to pass upon the weight or sufficiency of the evidence, where it may yield any rational inference of guilt."

We therefore hold that the trial court committed no error in refusing to give at defendant's request any of the charges set out in the record as having been so refused.

[6] The large number of exceptions reserved to the court's rulings upon the admission or rejection of evidence have each and all been examined, and we are of the opinion that, if error was committed in any of same,

it was plainly without prejudice to the defendant, and under the rule prevailing in this court no reversal of the case will be made on such account. Code 1907, § 6264; Dennis v. State, 118 Ala. 72, 23 So. 1002.

There appearing in the record no error prejudicial to the rights of the defendant, let the case be affirmed.

Affirmed.