182 So. 579

## GRAYSON v. STATE.
### 2 Div. 639.

Court of Appeals of Alabama.

May 10, 1938.

D. M. Boswell, of Butler, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was indicted by the grand jury on two counts.

The first count charges the defendant with unlawfully possessing a still, etc., in violation of section 4656 of the Code of 1923.

The second count charges the unlawful manufacture of prohibited liquors in violation of section 4621 of the Code of 1923.

■ The indictment charged two separate and distinct offenses, and while it was proper to join them in separate counts, in the same indictment, they were each subject to a separate verdict. Sexton v. State, 23 Ala.App. 318, 127 So. 497.

■ On the trial of the case the jury, instead of returning a general verdict applicable to either count, returned a verdict finding the defendant guilty under the first count of the indictment, which charged the unlawful possession of a still, etc.

The bench notes of the judge recite: "Jury and verdict guilty under the first count of the indictment." The clerk in writing up the judgment followed the verdict of the jury and following a recital of the verdict proceeded to adjudge the defendant guilty of distilling. This part of the judgment did not respond to the verdict, and as written was void. Discovering the mistake, the solicitor after thirty days, but within three years, made his motion to correct the judgment nunc pro tunc. This being a clerical error of the clerk was amendable under section 7855 of the Code of 1923.

The judgment having been properly amended, the court properly overruled the motion to set aside the order denying the writ of habeas corpus.

■ The appellant cannot in this proceeding take advantage of the erroneous indeterminate sentence. On appeal sentence would have been corrected to comply with the requirements of Acts of 1932, Ex.Sess. p. 163, but is not the subject of collateral attack.

The judgment is affirmed.

Affirmed.