· 35 So.2d 373

## WEBB v. STATE.
### 5 Div. 256.

Court of Appeals of Alabama.
May 11, 1948.

C. S. Moon, of LaFayette, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

CARR, Judge.

Defendant below was indicted and convicted for murder in the second degree.

The evidence discloses that the appellant, the deceased, and others were engaged in a poker game in the nighttime and in a wooded section. It appears that some among the group were drinking.

The accused contended that he lost some money, not in the game but from his person. He directed accusations of theft against members of the party. He left the place and later returned and renewed his charges. The deceased resented this so far as it applied to him and picked up a rock and threatened to strike the defendant. This weapon was either knocked out of his hand by someone or he dropped it. About this time the appellant backed away into the darkness of the woods and there picked up his shotgun. As the deceased advanced toward him with his hand in his pocket, the appellant shot him twice. One load practically severed an arm, and the other entered the breast. This the defendant admitted, but testified that he intended only to hit the deceased in the leg, but lost his footing and missed his aim. Death followed forthwith.

■ The funeral director or mortician went to the scene of the homicide and took charge of the body. He gave sufficient qualifications to enable him to testify that in his opinion death was caused by the inflicted wounds. Hicks v. State, 247 Ala. 439, 25 So.2d 139; Thomas v. State, 249 Ala. 358, 31 So.2d 71.

This aside, it cannot be seriously contended that the facts would permit of any other conclusion.

The appellant sought to prove the ages of the defendant and the deceased as of the time of the homicide. We do not know on what theory the trial judge denied this tender.

■ When evidence tending to show self defense is established in the proceedings, it is proper to allow proof of the ages, physical conditions or relative sizes of the party participants. Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am.St.Rep. 17; Smith v. State, 209 Ala. 666, 96 So. 779.

■ On review the appellate courts are faced with the task of examining the entire record, and we are not authorized to base a reversal for error unless it appears from a consideration of all the proceedings that the error complained of was prejudicial and harmful to the substantial rights of the accused. Title 15, Sec. 389, Code 1940; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Williams v. State, 28 Ala.App. 481, 189 So. 81.

■ In applying this rule we find no difficulty in concluding that in so far as the inquiry related to the age of the defendant, no injury inured. He testified in the cause, and the jury was afforded the opportunity of approximating his age. Brown v. State, 21 Ala.App. 611, 110 So. 694.

A more serious problem confronts us with reference to the other question. It is to be noted that the inquiry was confined solely to the age of the dead man. The undisputed evidence in the case discloses that there was no actual physical encounter or combat between the two participants. The accused admitted that he fired before the deceased came in close proximity to him. The record is replete with fair inferences that the man who was killed was a grown person. Age alone does not always measure a man's strength, physical condition or ability at combat.

■ We are forced to the opinion, therefore, that the disallowance of this proof did not deprive the jury of a fair and full disclosure of the material matters incident to the prime factual issues. Supreme Court Rule 45.

■ The only written charge refused to the appellant is clearly abstract and misleading. The defendant admitted that he

intentionally shot the deceased twice with a deadly weapon and at fairly close range. If it be true that he missed his aim as we have indicated, this could not bring into the cause a consideration of negligence vel non as the charge seeks to do. Smith v. State, 243 Ala. 254, 11 So.2d 471; Finney v. State, 32 Ala.App. 324, 27 So.2d 46.

What we have written will suffice to illustrate our view that we cannot predicate error on the action of the court below in denying the motion for a new trial. Booth v. State, 247 Ala. 600, 25 So. 2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

We have treated all matters of meritorious value.

The judgment below is ordered affirmed.

Affirmed.