130 So.2d 245

**Ex parte Henry Wayne RICHARDSON.**

**3 Div. 72.**

Court of Appeals of Alabama.

May 9, 1961.

Henry Wayne Richardson, pro se.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

This is a petition in an original action seeking relief in multiple aspects. These aspects appear to be:

(a) An application for leave to allow Richardson, who is now in Kilby Prison, to seek a writ of error coram nobis in the Circuit Court of Cleburne County or in the Circuit Court of Montgomery County;

(b) An appeal from the dismissal of an application for habeas corpus by the Circuit Court of Montgomery County;

(c) A petition for a writ of error to the Circuit Court of Montgomery County for dismissing the same application for habeas corpus referred to in (b); and

(d) A petition for a writ of error to the Circuit Court of Cleburne County with respect to a proceeding whereunder that court undertook to amend nunc

pro tunc the entry of the judgment under which the warden of Kilby Prison justified his detention of Richardson.

The Attorney General has moved us to dismiss Richardson's petition, assigning as grounds:

(1) That this court, not having reviewed the original judgment of conviction in the Cleburne Circuit Court, is without authority to order that court to entertain an application by Richardson to that court for coram nobis;

(2) That Richardson's petition is defective for failing to allege that an appeal or other review was taken by him to the Court of Appeals of Alabama; and

(3) Grounds 3–10, inclusive, are virtually verbatim (with the same cases cited) as appear in grounds 1–8, inclusive, quoted in Judge Price's opinion in Ex parte Fuller, 40 Ala.App. 197, 116 So.2d 395.

■ There is no need of, or efficacy in, applying to us for leave to proceed in the Cleburne Circuit Court with respect to the original trial, because no appeal or other review of the judgment was taken to this court. Ex parte Williams, 255 Ala. 648, 53 So.2d 334; Ex parte Thomas, 270 Ala. 411, 118 So.2d 738 (opinion on application for rehearing).

■ Review of the Circuit Court of Montgomery County in habeas corpus proceedings had in that court to look into Richardson's detention in prison can only come to us by an appeal as provided in Code 1940, T. 15, § 369, as amended.

■ The writ of error to the Montgomery Circuit Court will not lie under T. 15, §§ 383–388, because the writ is available only to review judgments in criminal cases. Habeas corpus proceedings (which seek a writ essentially civil) seem to be excluded from § 383 et seq. Ex parte Smotherman, 140 Ala. 168, 37 So. 376; see also discussion in Tillman v. Walters, 214 Ala. 71, 108 So. 62.

As to the aspect of Richardson's petition in (d) above, we consider the motion of the Attorney General is not well taken. The pertinent provisions of the petition pray:

"* * * Therefore, Petitioner now seeks writ of error to vacate said Judgement Nunc Pro Tunc on the grounds that petitioner was not within the jurisdiction of the Court which rendered the Judgement at the time it was rendered and Petitioner now respectfully declares the Judgement entry of his conviction now amended as Constitutionally defective, in that it was amended in violation of his Constitutional Right to due process of law. (See Barton vs. Bessemer [234 Ala. 20, 173 So. 626]; Ex Parte Shaudies [66 Ala. 134], Ala.Code of 1940) where Constitutional defect appears on the face of the Record-prisoner is entitled to discharge from custody and it is illegal to arrest or try him again for the same offence. Petitioner submits that the Judgement in this case, No. 930, State of Alabama vs. Henry Wayne Richardson, 7th Jud. Cir. of Ala., Heflin, Ala. is now constitutionally defective in a matter of substance-to wit-being illegally and unlawfully amended."

Attached to this petition marked Exhibit "A" is what purports to be a copy [1] from the Circuit Court of Cleburne County of an "Order Allowing Amendment of Judgment Nunc Pro Tunc" in a cause captioned "State of Alabama v. Henry Wayne Richardson No. 930."

---

1. It must be borne in mind throughout the rest of this opinion that this order is not certified. We have written on the supposition of its correctness as explaining Richardson's petition in order to expedite the disposition of this proceeding. Otherwise, we envisage a futile delay to get a certified copy.

The entry contained in this exhibit recites:

"The State of Alabama on the 14th day of July, 1960, duly filed in the above-styled cause its application to amend nunc pro tunc the judgment rendered in said cause on the 5th day of June, 1958, and notice in writing of said application and the date set for the hearing thereof having been given the attorney for the defendant by serving same upon him ten days before this hearing, and the application to amend said judgment nunc pro tunc now coming on to be heard in open Court, and the attorneys for the parties being present, and sufficient record evidence having been submitted to the court in support of the State's motion, the Court is of the opinion that the application to amend said judgment nunc pro tunc should be granted. It is, therefore,

"Considered, ordered and adjudged that the judgment in the above-styled cause is hereby amended nunc pro tunc to read as follows:

" 'Minute Entry'

" 'The State
vs.                    Robbery
'Henry Wayne     Case No. 930
Richardson

" 'On this the 26th day of May, 1958, the defendant being present in open Court, in person and by attorneys representing him, and upon being duly arraigned and hearing the indictment against him read, pleads not guilty thereto; and it appearing to the Court that the defendant is indicted, charged with a capital felony, it is therefore ordered by the Court that this cause be and the same is set down for trial for June 5, 1958. Now upon this the 5th day of June, 1958, came R. Clarence Williams, Solicitor, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, Honorable Wm. S. Halsey, and the said defendant being duly arraigned upon said indictment, for his plea thereto, says that he is guilty of Robbery as charged in the indictment.

" 'And upon this the 5th day of June, 1958, came a Jury of good and lawful men, to-wit, Arlin Cook and eleven others who being impaneled and sworn according to law, upon their oaths do say "We, the Jury find the Defendant guilty of robbery as charged in the Indictment". Punishment fixed to imprisonment in the State Penitentiary for 10 years.

" 'Now upon this the 5th day of June, 1958, the said defendant being now in open Court and being asked by the Court if he had anything to say why the judgment of the Court and the sentence of the law should not be pronounced upon him says nothing. And before passing the sentence of the law, The Court examines the defendant and finds that he is of the white race, male sex, 26 years of age, health-good and by occupation a truck driver.

" 'It is therefore considered by the Court and it is the judgment of the Court that the defendant is guilty as charged in the said Indictment and it is the sentence of the law that the said defendant, the said Henry Wayne Richardson, be imprisoned in the Penitentiary of the State of Alabama for a term of ten (10) years.'

"July 26, 1960   Leslie C. Longshore

Judge, Seventh Judicial
Circuit of Alabama"

Under Code 1940, T. 15, § 383, we may only grant a writ of error "on some error of law apparent on the transcript of the record."

We also in such consideration apply the provisions of Rule 45 of the Revised Rules of the Supreme Court which preclude us from reversing or setting aside the judg-

ment of a trial court unless it appear that the error complained of has probably injuriously affected substantial rights of the parties."

Richardson's attorney was served with notice of the amendment hearing ten days beforehand and his attorney was present at the hearing, and the court's consideration was confined to record evidence.

■ It is true that our statute for amending a judgment nunc pro tunc calls for notice to the parties. However, it is also true that an attorney of record in a cause is deemed to continue in his employment unless he notifies the court and obtains consent for his withdrawal.

■ It does not seem that any notice to the defendant is required in those jurisdictions where the court has continuing power to correct its records. Cf. Daugharty v. Gladden, 217 Or. 567, 341 P.2d 1069. Thus, 28 U.S.C. § 2255, provides that a motion to vacate, set aside or correct a sentence may be entertained and determined without requiring production of the prisoner at the hearing.

The presence of the prisoner would afford no additional safeguard beyond that conferred by his being represented by a lawyer. This is because the trial court is confined in recasting the judgment to consideration of record evidence. Code 1940, T. 7, § 567.

Along with his petition Richardson has sent along a paper purporting to be a copy of the first judgment entry. This paper, if correct, is to the effect that the judgment confining Richardson originally showed his arraignment on June 5 with a plea of guilty and a jury verdict. No mention of the May 26, 1958, proceedings appears.

■ The provisions of T. 30, § 63, were shown to have been borne in mind by the trial judge when, on May 26, he set the case down for trial on June 5. Thus, in Howard v. State, 165 Ala. 18, 50 So. 954, 958, we find:

" * * * Under our practice and statutes, one charged of a capital offense is required to be arraigned, and his plea to be interposed, at least one entire day before the * * * trial, so that it may be determined whether or not he is entitled to a special venire for his trial. If, on arraignment, he pleads 'guilty,' he is not entitled to the special venire; if he pleads 'not guilty,' he is, and this special venire, together with a copy of the indictment, must be served upon him or upon his counsel one entire day before the trial. Code, §§ 7566, 7840 [now Code 1940, T. 15, § 277, and T. 30, § 63]."

Upon his second apppearance on June 5, the defendant, by withdrawing his plea of not guilty and substituting one of guilty, came under the provisions of T. 30, § 70, and of T. 15, § 277, the latter of which provides as follows:

"If he pleads guilty, no special venire need be drawn, but the court must cause the punishment to be determined by a jury, except where the punishment is by law required to be fixed by the court, and may, in all cases in which a plea of guilty is entered, cause witnesses to be examined, to ascertain the character of the offense."

Thus it is that no question such as that arising in Reece v. State of Georgia, 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77, is presented here, the defendant having ample time between arraignment and being put to trial.

Also, we note that Richardson received the minimum sentence for robbery.

Accordingly, the Attorney General's motion will be granted to the extent above indicated and the application for a writ of error to the Circuit Court of Cleburne County will be denied.

Attorney General's motion granted in part; petitioner's application for error to Cleburne Circuit Court denied.