197 So.2d 761

**Gerald EATON**

v.

**STATE of Alabama.**

**2 Div. 485.**

Supreme Court of Alabama.

Jan. 12, 1967.

Rehearing Denied May 5, 1967.

John W. Drinkard, Linden, for appellant.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appellant, Gerald Eaton, was found guilty of murder in the first degree and sentenced to death. He appealed to this court. We reversed the judgment of the Circuit Court of Sumter County and remanded the cause to that court for further proceedings. Eaton v. State, 278 Ala. 224, 177 So.2d 444. After remandment the cause was again tried and the same judgment and sentence resulted as on the first trial. The cause has come to this court again under the automatic appeal statute.

Briefly, the evidence for the State tends to show that defendant, together with three companions, Harold Leon Edwards, Clarence Cecil Coon and Dezo John Lokos, took a husband and wife, shot the husband, and then threw husband and wife into a well in a churchyard. The wife, Mrs. Culpepper, survived; the husband, Leonard Culpepper, died. Eaton has been convicted of murdering Leonard Culpepper.

A more detailed account of the facts is set out in Eaton v. State, supra, and in Lokos v. State, 278 Ala. 586, 179 So.2d 714. See also Coon v. State, 278 Ala. 581, 179 So.2d 710, and Edwards v. State, 279 Ala. 371, 185 So.2d 393. To these opinions we refer for greater detail.

On the first appeal, Eaton v. State, supra, we reversed the judgment because of the improper argument of the solicitor to the jury. No such point occurred in the present case.

■ Reversible error is not made to appear in the action of the trial court denying Eaton's motion for a change of venue. At the hearing on the motion Eaton presented four residents of Sumter County, each of whom testified that in his opinion Eaton could secure a fair trial in Sumter County. There was no evidence to the contrary. In this state of the record, reversible error cannot be said to infect the trial court's action in denying the motion for a change of venue. Coon v. State, supra; Lokos v. State, supra; Denton v. State, 263 Ala. 311, 82 So.2d 406.

■ Nor did the trial court err in denying Eaton's motion to appoint three reputable specialist practitioners in mental and nervous diseases to examine Eaton. The trial court was under no duty to appoint a lunacy commission or to procure a report of the Superintendent of the Alabama State Hospital under the provisions of § 425, Title 15, Code 1940. The court has the right but not the duty to seek these aids for advisory purposes when in the discretion of the court it considers such aid will be helpful. Howard v. State, 278 Ala. 361, 178 So.2d 520; Coon v. State, supra; Lokos v. State, supra.

■ Further, the only evidence offered in support of the motion presently under consideration was the testimony of Eaton himself, which shows no more than that he has had a limited education; that his father and mother separated when he was young and he was raised by his grandparents; and that he had never held a job for longer than six months. Such evidence falls far short of showing insanity. Coon v. State, supra.

■■ The trial court did not err in permitting the State to introduce into evidence a confession made by Eaton after a predicate was laid as to its voluntary nature. Lokos v. State, supra. The facts and circumstances surrounding the making of the confession are in most respects similar to those set out in the Lokos case, supra, and will not be repeated here. We observe that the trial of this case began prior to the decision of the Supreme Court of the United States in Miranda v. State of Arizona, rendered on June 13, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In Johnson v. State of New Jersey, decided by the Supreme Court of the United States on June 20, 1966, it was held that *"Miranda* applies only to cases in which the trial began after the date of our decision one week ago."—384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882. The trial in the instant case began on October 7, 1965. See Beecher v. State, 280 Ala. 283, 193 So.2d 505, and Mathis v. State, 280 Ala. 16, 189 So.2d 564.

On Eaton's first trial, the State introduced into evidence a number of articles, including a pistol, a watch and a sack of coins, all of which tended to connect Eaton with the commission of the crime. We did not discuss the admissibility of those articles in our opinion on Eaton's first appeal, but they were held to have been admitted without error in Lokos v. State, supra. As

shown above, Lokos was one of the men shown to have acted in concert with Eaton in the killing of Leonard Culpepper.

In the course of the trial here under review, the State proved that subsequent to Eaton's first trial, the articles in question had been stolen and therefore could not be produced. We are of the opinion that reversible error is not made to appear in connection with the evidence as it relates to the lost articles.

The incriminating acts or statements of one confederate after the ends of the conspiracy have been accomplished, and no longer exist, are not admissible against another in his absence and without his knowledge and consent. Dailey v. State, 233 Ala. 384, 171 So. 729. That rule was applied in Edwards v. State, supra, and a reversal of the judgment of the trial court necessarily followed.

We have no such situation here. The statements made by one of Eaton's confederates after the commission of the crime which tended to connect Eaton with the commission of the crime were shown to have been made in Eaton's presence and were undenied by Eaton. Such statements were admissible under the rule of tacit admissions. Burns v. State, 226 Ala. 117 145 So. 436; Munson v. State, 250 Ala. 94, 33 So.2d 463.

Duly mindful of our duty in cases of this character, we have carefully examined the record for any reversible error, whether pressed upon our attention or not. We have here dealt with all questions calling for serious treatment. We find no reversible error in the record and the cause is due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL, COLEMAN and HARWOOD, JJ., concur.