213 So.2d 854

**Gerald EATON**

**v.**

**STATE of Alabama.**

**2 Div. 503.**

Supreme Court of Alabama.

May 23, 1968.

Rehearing Denied Sept. 19, 1968.

John W. Drinkard, Linden, for appellant.

MacDonald Gallion, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant, Gerald Eaton, filed in the circuit court of Sumter County a petition for a writ of error coram nobis to set aside a judgment of that court, rendered in accordance with a jury verdict, finding him guilty of murder in the first degree and sentencing him to death by electrocution. The appeal to this court from that judgment is reported as Eaton v. State, 280 Ala. 659, 197 So.2d 761. That judgment was affirmed on January 12, 1967, and a rehearing was denied on May 5, 1967. This was Eaton's second trial after reversal of the judgment in his first trial, reported as Eaton v. State, 278 Ala. 224, 177 So.2d 444. The present appeal is from the judgment denying the coram nobis petition, which was filed on June 12, 1967,

and denied on June 21, 1967, after an oral hearing before the trial court. We affirm.

Appellant was represented by court appointed counsel in his coram nobis proceeding, and is represented by the same counsel on this appeal.

Appellant alleged in his petition that (1) "he is being illegally detained and restrained of his liberty in violation of his Constitutional rights as guaranteed by the Constitution of the United States, to-wit, the Fifth (5), Sixth (6), and Fourteenth (14) Amendments"; and that (2) "he was not afforded a fair trial as guaranteed to him by the Constitution"; (3) "that he was not afforded due process of law and equal protection of law as he is guaranteed by the Constitution of the United States"; (4) "that the Court abused its discretion in not appointing competent physicians or psychiatrists and/or committing the petitioner to the State Hospital for observation in regard to petitioner's sanity as was respectfully requested in the motion filed for the same by the petitioner"; (5) "that the sanity hearing conducted for the petitioner did not meet the requirements of due process"; (6) "that the court abused its discretion in refusing to grant to the defendant a change of venue"; (7) "that while imprisoned in Texas, before being returned to the State of Alabama, petitioner was forced to sign a confession, without the aid, assistance, or presence of an attorney; that the same confession was later used by the District Attorney of the Seventeenth Judicial Circuit of Alabama in questioning petitioner, without the aid or presence of an attorney and before the court appointed an attorney for him"; (8) "that the original confession which the District Attorney in Alabama used in order to induce, persuade, and force petitioner to admit guilt, was forced from him by being beaten by the Texas officials; that the same Texas officials were not present at the trial of petitioner, and being out of the State of Alabama could not be forced to be pres-ent at the trial in Alabama for cross-examination by the petitioner"; (9) "that petitioner, prior to the Texas confession, was not advised of his constitutional rights, or his right to counsel, prior to the obtaining of the written confession"; (10) "that on the opening day of the trial of petitioner, said petitioner was brought into the Courtroom under the custody of several law enforcement officers, along with three other alleged accomplices of the crime for which he was charged, handcuffed, dressed in prison clothing, with all four of the prisoners chained together by means of a chain running through a metal loop in their belts, and in the presence of the entire venire of jurors, thereby denying him a fair and impartial trial which is guaranteed to him by the Constitution of the United States."

The only grounds of the petition even mentioned either at the oral hearing or in appellant's brief are those charging error in the refusal of appellant's motion for change of venue, the admission in evidence of appellant's confession, and that he was in chains when brought into the court room for trial. The questions of change of venue and appellant's confession were decided in appellant's second appeal (280 Ala. 659, 197 So.2d 761), which was a review of the trial involved in the coram nobis proceeding now before us. We note that it was also held in that case (280 Ala. at 661, 197 So.2d at 762) that the trial court did not err "in denying Eaton's motion to appoint three reputable specialist practitioners in mental and nervous diseases to examine Eaton." As to being brought into court in chains, the evidence in the coram nobis hearing amply supports the trial court's finding that "this did not take place nor any part or portion thereof."

The judgment denying appellant's petition for writ of error coram nobis is due to be, and is, affirmed.

Affirmed.

The foregoing opinion was prepared by the late Justice GOODWYN. Since his untimely death, we have examined the opinion with care and we are to the conclusion that said opinion is correct; therefore, it is hereby approved and is made and adopted as the opinion of the court.

LIVINGSTON, C. J., and LAWSON, COLEMAN and KOHN, JJ., concur.