216 So.2d 188

Arthur L. KRAPPATSCH

v.

STATE.

1 Div. 323.

Court of Appeals of Alabama.

Nov. 19, 1968.

Billy C. Bedsole, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Marlin Mooneyham, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant stands convicted of the offense of rape, with a sentence of twenty years in the penitentiary.

Prior to arraignment counsel was appointed to represent defendant. On the day set for arraignment defendant waived arraignment and entered a plea of not guilty.

Thereafter defense counsel filed a "motion for mental examination," alleging that in his opinion "there exists a mental illness on the part of this defendant." The motion was heard and denied.

When the case was called for trial the defendant withdrew his plea of not guilty and entered a plea of guilty, with the understanding that the state would recommend a sentence of twenty years. A jury, after hearing the state's testimony, found defendant guilty and fixed his punishment at twenty years in the penitentiary.

A deputy sheriff testified he took part in the investigation of the charges made by the alleged assaulted party; that defendant made and signed a statement, prior to the making of which the defendant was told that before he made a statement he could contact his lawyer and his people; that any statement could or would be used against him in a court of law; that he could have a lawyer if he wanted one and he could stop answering questions until he had a lawyer; that no inducements or duress of any kind were used in obtaining the statement.

Appellant's counsel argues in brief that the trial court erred in allowing the state to elicit the fact that a statement had been made by appellant without first requiring the state to prove that before making the statement appellant was advised of his constitutional rights; that the requirements of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, were not complied with in that defendant was not advised that he had a right to remain silent and to have an attorney appointed by the court free of charge.

No ruling of the trial court is presented for our consideration. There were no objections interposed to the questions propounded to the witness and the statement was not introduced in evidence.

In Knowles v. State, 280 Ala. 406, 194 So.2d 562, the court quoted from Cooper v. Holman, 356 F.2d 82, certiorari denied 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83, as follows:

"* * * It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so, because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all nonjurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea and not upon any evidence which may have been acquired improperly by the prosecutor."

Before accepting the plea of guilty the court ascertained that it was voluntarily and knowingly made.

The statutory provisions for investigation into a defendant's sanity are not mandatory, but such proceedings are addressed to the sound discretion of the trial judge. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Aaron v. State, 271 Ala. 70, 122 So.2d 360. No abuse of the court's discretion appears.

The judgment is affirmed.

Affirmed.