226 So.2d 645

**Ernest Calvin PACE**

v.

**STATE of Alabama.**

**8 Div. 341.**

Supreme Court of Alabama.

Sept. 18, 1969.

Jos. A. Lee and Robert E. Carter, Scottsboro, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

MERRILL, Justice.

Appellant was sentenced to thirty years in the penitentiary following his conviction for robbery. His motion for a new trial was overruled.

Appellant was charged with robbery of an A & P grocery store in Scottsboro. The

undisputed evidence shows that appellant, armed with a shotgun, and another, armed with a pistol, entered the store on July 2, 1968 and forced an employee to give them about $550.00 and left with it in a brown sack. Several employees and customers identified appellant as being the man with the shotgun. Several witnesses testified that the robbers left in a maroon Plymouth Barracuda and two witnesses took the license number of the automobile. The tag number was the same as that on the car when appellant purchased it on February 17, 1968.

Counsel for appellant open their argument in brief with this statement:

"Defense counsel for the appellant would be less than honest if they did not admit that the jury was justified in finding that the appellant was identified beyond a reasonable doubt as being one of the two men who robbed the A & P Grocery Store in Scottsboro, Alabama, on July 2, 1968.

"However, prior to the trial, the appellant filed a petition requesting a mental examination pursuant to the provisions of Title 51 [15], Section 425, Code of Alabama, 1940. The petition alleged, inter alia, that there was reasonable cause to doubt the sanity of the appellant, both at the time the crime was allegedly committed and at the time the petition was filed. The petition further alleged that the appellant was indigent and without funds to pay for a mental examination."

The trial court held a hearing on this petition. At the hearing, the defendant testified that he had been given psychiatric examinations by the Air Force on at least three occasions. Friends, acquaintances and relatives of the defendant testified that appellant's father had been under the care of Bryce Mental Hospital for many years, that his mother had spent some time in the same hospital and that two of appellant's sisters had been treated at Bryce.

Defendant's mother testified that defendant had threatened to kill himself once but could not give any of the circumstances other than that he had been depressed. All of the defense witnesses who testified as to defendant's mental condition stated they felt he "was not right" or "had a mental problem" or that he "needed help" or evaluations of defendant's mental state of similar import. However, when pressed for reasons for their evaluation of defendant's condition, the only example of unusual behavior anyone mentioned was that defendant would talk about events in the past as though they had occurred recently and might tell the same story twice within a short period of time.

On cross-examination, some of the defense witnesses stated that they did not think the defendant so deranged that he did not know what he was doing. A former girlfriend said she did not regard defendant as dangerous. A brother said defendant could look after himself and handle his own business affairs. The State presented no evidence on the issue of insanity or incompetency. No psychiatrist or doctor testified for either side. After the hearing, the court denied the petition. At trial, the defendant sought to prove insanity at the time of the crime with substantially the same evidence that the defense had presented at the hearing on defendant's petition for a mental examination.

Appellant cites Eaton v. State, 280 Ala. 659, 197 So.2d 761, as one of a line of cases which hold that a trial court has the right but not the duty to procure an examination and report from a lunacy commission under the provisions of Tit. 15, § 425, Code 1940, "when in the discretion of the court it considers such aid will be helpful." But appellant then draws an incorrect conclusion by making the following statement in brief:

"In effect, these cases hold that a Circuit Court has complete and utter discretion, and can never be reversed

for overruling a petition for a mental examination."

In Eaton v. State, supra, we said:

"Nor did the trial court err in denying Eaton's motion to appoint three reputable specialist practitioners in mental and nervous diseases to examine Eaton. The trial court was under no duty to appoint a lunacy commission or to procure a report of the Superintendent of the Alabama State Hospital under the provisions of § 425, Title 15, Code 1940. The court has the right but not the duty to seek these aids for advisory purposes when in the discretion of the court it considers such aid will be helpful. Howard v. State, 278 Ala. 361, 178 So. 2d 520; Coon v. State, supra [278 Ala. 581, 179 So.2d 710]; Lokos v. State, supra [278 Ala. 586, 179 So.2d 714]."

But this is not the equivalent of the incorrect conclusion quoted supra from appellant's brief.

■ It is the general rule that matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there has been a clear abuse of discretion. Colquett v. Williams, 264 Ala. 214, 86 So.2d 381, and cases there cited.

In Ex parte State ex rel. Patterson, 268 Ala. 524, 108 So.2d 448, after a study of § 425, we said:

"We have sought to show that § 425, Title 15, is not mandatory, but discretionary with the presiding judge, and we must now consider whether or not the respondent abused his discretion in refusing to commit defendant for the purposes aforesaid."

In Krappatsch v. State, 44 Ala.App. 549, 216 So.2d 188, the Court of Appeals, speaking through Presiding Judge Price, said:

"The statutory provisions for investigation into a defendant's sanity are not mandatory, but such proceedings are addressed to the sound discretion of the trial judge. Reedy v. State, 246 Ala. 363, 20 So.2d 528; Aaron v. State, 271 Ala. 70, 122 So.2d 360. No abuse of the court's discretion appears."

■ These cases demonstrate that we do review the discretion of the trial court on rulings under Tit. 15, § 425, and that such discretion is not "complete and utter discretion, and can never be reversed" as contended by appellant.

■■ It is urged by the appellant that he presented enough evidence to raise a clear reasonable doubt of his sanity or competency and that the trial court abused its discretion in denying his petition for an examination. In Lokos v. State, 278 Ala. 586, 179 So.2d 714, this court held that a showing by defendant, on a petition for a mental examination, that he had been confined in a mental institution on several occasions and that he had received shock and insulin treatments was not a sufficient showing to warrant reversal of the trial court's decision to deny the petition. In that case, we said:

"However we may have individually acted at nisi prius in view of the fact that the appellant had previously been confined in a mental institution and is a nonresident, who was not only without funds but without family or friends in this state to assist him in securing witnesses in support of his plea of insanity, we cannot under our previous decisions hold that the trial court's action in overruling the motion for the appointment of three experts in the field of mental disorders works a reversal of the judgment below. * * *"

Here, the appellant's showing was not more compelling than the evidence presented in *Lokos*. The legislature has not given a right to a defendant to receive a mental examination whenever he requests one. Absent such a right, machinery for screening requests must exist. The legislature has made the trial court this screening agent. We cannot say under our past

**588**

cases that the appellant's showing was so compelling that the trial court abused its discretion in denying this petition. The trial court held a hearing, listened to the witnesses and made a decision. It might have decided either way on the question of whether the hearing produced any real evidence of legal insanity or legal incompetence. Its decision was not arbitrary or unsupported by reason or fact. We conclude that the trial court did not abuse its discretion.

We have disposed of the matter raised by appellant in brief and have found no reversible error in the record.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.