261 So.2d 436

**Claude A. BOULER**

v.

**STATE.**

**2 Div. 60.**

Court of Criminal Appeals of Alabama.

April 18, 1972.

**18**

Hubbard H. Harvey, Demopolis, for appellant.

William J. Baxley, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

CATES, Judge.

First Degree Manslaughter; sentence, 10 years.

Appellant Claude Bouler was convicted of manslaughter in the deaths of two teen-age passengers who died when Bouler apparently lost control of his automobile at approximately one hundred miles per hour. The defendant and his four teenage companions had been riding around in Bouler's car and drinking whiskey for some time before the mishap. Around midnight, Bouler was playing around with the car in the middle of Highway 80 in Demopolis (R. 49) when he abruptly shifted into "drive" and pushed the accelerator to the floor. The right front wheel struck the concrete curb near the Hospital driveway, and the car left the highway at high speed, demolishing a service station light pole set in concrete and two power line poles. The defendant suffered a fractured rib and multiple lacerations of the scalp, upper lip, right hand and both legs. Alston Clem and Ernest Thompson died of their injuries.

The defendant gave notice of appeal, then withdrew the appeal, then gave notice of appeal a second time under the auspices of a jailhouse lawyer at Atmore.

Appellant first complains of the trial court's denial of his petition for a sanity hearing. In support of the petition, the defense introduced a letter from psychiatrist Inez Fowler (R. 5), which stated in part, "The lifelong history as given by Mr. Bouler is indicative of severe deficiencies in the areas of psychosexual identification and internalization of the value standards and systems ordinarily acceptable by society. These two deficiencies have been the motivating factors which have directed and controlled the life activities of this individual and which have resulted in his maladaption to the requirements of society."

While the defendant apparently suffers from some personality problems,

nothing in Doctor Fowler's letter reveals a mental disorder of such severity as to show lack of criminal responsibility and thus justify a sanity hearing. The petition and supporting exhibit, without more, do not present as strong a case as that in Pace v. State, 284 Ala. 585, 226 So.2d 645, or in Lokos v. State, 278 Ala. 586, 179 So. 2d 714. That the trial judge abused his discretion we cannot say.

Appellant urges reversible error in the trial judge's reference to first degree murder (rather than second degree murder) during the oral charge (R. 110). The error was brought to the court's attention, and the judge corrected his error and instructed the jury to disregard any reference to first degree murder. The instruction effectively cured the error because the judge had stated, "If so, then the defendant would be guilty of murder in the first degree, as charged in this indictment," and the record shows that the indictment charging second degree murder had been read to the jury during the prosecutor's opening statement and again at the beginning of the court's oral charge. The slip of the tongue was not so prejudicial as to require reversal. Moreover, the verdict was guilty of voluntary manslaughter.

Appellant complains of several other errors, none of which are serious enough to require reversal. The argument that the court restricted the right of cross-examination apparently is based on the fact that the court sustained several of the prosecution's objections to defense counsel's questions on cross. None of the rulings was materially prejudicial.

The judgment below is due to be

Affirmed.

PRICE, P. J., and ALMON and TYSON, JJ., concur.