Gerald EATON, Petitioner,

v.

Walter CAPPS, Warden, Vice Curtis M. Simpson, Warden, Defendants.

Civ. A. No. 2776-N.

United States District Court,
M. D. Alabama, N. D.

Sept. 22, 1972.

---

---

Leslie Hall, Asst. Atty. Gen., Montgomery, Ala., for defendants.

No appearance for petitioner.

## ORDER

VARNER, District Judge.

Petitioner Eaton was convicted in the Circuit Court of Sumter County of first degree murder and sentenced to death in accordance with the verdict of the jury. His first conviction was reversed by the Supreme Court of Alabama, Eaton v. State, 278 Ala. 224, 177 So.2d 444 (1965). At his second trial Petitioner was again found guilty and sentenced to death in accordance with the jury's verdict. This second conviction was affirmed by the Supreme Court of Alabama, Eaton v. State, 280 Ala. 659, 197 So.2d 761 (1967). Petitioner subsequently petitioned the Circuit Court of Sumter County for writ of error coram nobis. Said petition was denied and the denial was affirmed by the Supreme Court of Alabama, Eaton v. State, 282 Ala. 693, 213 So.2d 854.

A petition for a writ of habeas corpus was filed in this Court, but proceedings were ordered to be stayed on March 6, 1969, in order that Petitioner could present substantial constitutional questions raised by said petition to the courts of the State of Alabama. The first of said questions relates to Petitioner's contentions that he was not afforded a fair trial in the Circuit Court of Sumter County, Alabama, in that he was taken before the jury chained and shackled and that this resulted in creating a prejudice against him to the extent that his presumption of innocence was impaired be-fore the trial and before the taking of any testimony.[1] The second such issue is based upon the proposition that the jurors were chosen after excluding veniremen for the reason that they held a fixed opinion against capital punishment. See Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

On June 29, 1972, the Supreme Court, in the cases of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, and companion cases, ruled that the imposition of the death penalty under statutes such as those of Alabama violates the defendant's constitutional rights. On August 11, 1972, this Court issued an order that the State of Alabama show cause why the death sentence imposed upon Eaton should not be declared void as violative of the Constitution of the United States under the authority of *Furman* and to further show cause why Eaton should not be immediately removed from death row. In its response to said order, the State of Alabama stated that it was not able to show cause why said death sentence should not be declared void. Accordingly, the Court holds that under the authority of *Furman* the death penalty imposed on Petitioner Eaton must be set aside. It is emphasized that only the sentence is being set aside and that the conviction of Petitioner is in no way affected by this order.

## JURISDICTION TO CORRECT SENTENCE

It is the duty of this Court to order the release of the Petitioner only if the State may hold him under no authority.

> "Although the particular sentence from which release is sought is illegal, as a general rule the petitioner is not entitled to be absolutely discharged from custody if other reasons for his detention are shown to exist, and the court may order him held to be dealt with according to law." 39 C.J.S.

---

1. This was the occasion for reversal of his first conviction. The instant conviction is not thereby tainted.

Habeas Corpus §§ 102, 668, citing Levine v. Hudspeth, 10 Cir., 127 F.2d 982, cert. den. 317 U.S. 628, 63 S.Ct. 39, 87 L.Ed. 507, reh. den. 317 U.S. 707, 63 S.Ct. 153, 87 L.Ed. 564; McCleary v. Hudspeth, 10 Cir., 124 F.2d 445, cert. den. 316 U.S. 670, 62 S.Ct. 1043, 86 L. Ed. 1745.

This Court must, therefore, question what, if any, jurisdiction the State Court has to further proceed against the Petitioner. Processes for initiating or revising state sentences and procedures for giving credit on prospective legal sentences for time served on illegal sentences are ordinarily matters for determination by state authority. Federal Courts also ordinarily leave to state authority procedures for resentence of prisoners illegally sentenced. This Court must delve into these matters only to determine whether the State Courts have further jurisdiction to hold the Petitioner for resentence or otherwise. This Court is of the opinion that the sentencing court of the State has jurisdiction to have the Petitioner held in custody for a reasonable time pending imposition of a legal sentence for the offense for which he was convicted and that the sentence may be amended nunc pro tunc or on writ of error coram nobis.

■■ Trial courts of general jurisdiction, even without statutory authority, may correct clerical errors by amendment of judgments nunc pro tunc when the official record affords matter upon which to base such correction, Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144. To correct manifest injustice, a court may apply the common law remedy, especially where the statutory time for amendment has run before the statute, the basis of the error, was declared unconstitutional. The phrase "clerical error" is distinguished from "judicial error" to cover all errors, mistakes, or omissions which are not the result of a judicial function. 46 Am.Jur.2d 446, Judgments, § 202. While the trial court at the time of the sentence thought there was some discretion in setting the sentence, the only possible legal sentence was life imprisonment,

Furman v. Georgia, supra, and the imposition thereof was, therefore, purely clerical.

■ Alabama Courts have long recognized that judgments in criminal cases are subject to amendment nunc pro tunc, Ex parte Hutchinson, 264 Ala. 447, 87 So.2d 847; Grayson v. State, 28 Ala. App. 210, 182 So. 579. It has been held that a judgment finding a defendant guilty of unlawful possession of a still, when defendant had been charged with and found guilty of unlawful distilling, was properly subject to correction nunc pro tunc, Grayson v. State, supra. In Ex parte Hutchinson, supra, the Court amended nunc pro tunc a sentence of probation so as to add the length of the sentence where no particular term of probation was originally provided. While a defendant has a right to be present for any stage of his trial, Lewis v. United States, 146 U.S. 370, 372, 13 S.Ct. 136, 36 L.Ed. 1011; Williamson v. United States, 265 F.2d 236 (5 CCA 1959), the Court has a duty to correct an obviously injurious error adverse to the defendant, and where no adversary controversy is involved, the defendant need not be present, Stone v. United States, 9 Cir., 358 F.2d 503; Caster v. United States, 5 Cir., 319 F.2d 850, 852; Ex parte Richardson, 41 Ala. App. 285, 130 So.2d 245. In situations such as the resentence in the instant case where the sentence is mandatory rather than discretionary, the proceeding is non-adversary, and the sentence may be pronounced absent the Defendant.

■ Such a correction of a judgment relates back to the time of the original judgment, Ex parte Hutchinson, supra. Where a judgment of conviction directing a sentence of death is amended nunc pro tunc to require, instead of death, the service of a life sentence, the sentence would speak and commence to run as of the time of rendition of the original judgment of conviction invoking the illegal death sentence.

■ This Court, therefore, finds that the judgment of conviction of the Petitioner may be amended nunc pro tunc to

correct Petitioner's sentence to the only possible legal sentence, life imprisonment, and that the Petitioner need not be present for the amendment.

Under Code of Alabama, Title 14, § 318, it may be argued that only the jury which returns a verdict of guilty may impose the sentence for first degree murder. In pertinent part, this section provides that:

"Any person who is guilty of murder in the first degree, shall, on conviction, suffer death, or imprisonment in the penitentiary for life, at the discretion of the jury."

This raises the issue of whether this case can be remanded for resentencing by the trial court or whether Petitioner must be returned to the trial court to be sentenced by a jury. In this Court's opinion, the decision in *Furman,* by abolishing the death penalty, vitiates the jury's statutory discretion and provides for a mandatory life sentence which may be imposed by the Court without a jury. The law does not require a vain and useless act.

Even if the law were construed to require that the jury impose the sentence, no injury could result to the defendant from the imposition by the trial court of the only possible sentence under the law, i. e., a life sentence. Code of Alabama, Title 15, § 389; Green v. State, 42 Ala.App. 439, 167 So.2d 694, 698 (1964); Courington v. State, 20 Ala.App. 581, 104 So. 341; Webb v. State, 33 Ala. App. 520, 35 So.2d 373. This is not a case of a court's usurping the Governor's right to commute a death sentence to life imprisonment as in Brown v. State, 288 Ala. 680, 264 So.2d 549. There never was a valid death sentence in this case, while in *Brown* the sentence of death was then considered valid, and the only problem before the court was the impossibility of executing what was then considered a legal sentence.

Inasmuch as this Court must now set aside the death sentence, it is unnecessary to further consider Petitioner's

claim of noncompliance with the *Witherspoon* standards. Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). There the Court quoted from the *Witherspoon* opinion:

"nor, finally, does today's holding render invalid the *conviction* as opposed to the *sentence,* in this or any other case." (Emphasis in original) 391 U.S. 510, 522 n. 21, at 523, 88 S.Ct. 1770, 1777; 408 U.S. at 800, 92 S.Ct. at 2570,

and concluded that the sentence of death, however, may not be imposed.

This Court, therefore, concludes that, while the sentence of death imposed upon Petitioner is unconstitutional and void, other reasons justify state detention of Petitioner pending correction of his sentence.

### REMOVAL FROM DEATH ROW

While this Court respects the traditional reluctance of Federal Courts to intervene in the administration of state prisons, nevertheless, there can be "extreme circumstances" under which such intervention is justified. Granville v. Hunt, 411 F.2d 9, 12 (5 Cir. 1969); Hess v. Backwell, 409 F.2d 362 (5 Cir. 1969); Young v. Wainwright, 449 F.2d 338 (5 Cir. 1971); see also Thompson v. Blackwell, 374 F.2d 945 (5 Cir. 1967); Singleton v. Bosshard, 396 F.2d 821 (5 Cir. 1968). Petitioner's proceeding seeking the writ of habeas corpus was stayed by this Court in early 1969 to allow State Courts an opportunity to formulate procedures for processing cases wherein death sentences had been imposed contrary to *Witherspoon.* Unfortunately, Petitioner's attorney, theretofore having been both diligent and effective in Petitioner's behalf, became ill and died without having filed a review proceeding in the State Court. For some years, Petitioner, languishing on death row, has awaited a state disposition of an illegal sentence under a state proceeding which had never been filed. This Court is unwilling to

prolong this matter further while attorneys are appointed, state proceedings are filed, and time and money are wasted in order to reach a foregone conclusion. Under these unusual circumstances, this Court feels justified in interceding in this matter for protection of rights obviously available through a state proceeding as well as under 42 U.S.C. § 1983. Only because of the necessary waste associated with further state proceedings, the unfortunate delay occasioned by death of Petitioner's counsel, and the obvious entitlement to relief, is this Court justified in interceding in a proceeding where state remedies should ordinarily be invoked.

Petitioner is not being confined on death row for purposes of reasonable maintenance of prison discipline, Granville v. Hunt, supra; Kelly v. Dowd, 140 F.2d 81 (7 Cir. 1944), nor for "administrative" purposes, Young v. Wainwright, supra; rather, Petitioner is being held on death row segregated from the general prison population solely because of a now invalid sentence which was imposed upon him. The arbitrariness of this segregation is sufficient to "take this case out of the category of matters of prison administration", Singleton v. Bosshard, supra. This opinion should not be construed to interfere with prison discipline and proper administrative segregation of prisoners for proper purposes, Young v. Wainwright, supra. However, continued segregation solely because of this invalid sentence cannot be sanctioned. It is, therefore, the

Order, judgment and decree of this Court that this cause be continued pending proceedings in the State Trial Court not inconsistent herewith and that Petitioner be removed from death row and placed in general population in the prison system of Alabama pending correction of his sentence as directed by the Trial Judge and subject to the general rules of prison discipline and administration. It is further

Ordered that Petitioner's sentence of death be, and the same is hereby, set aside.