22 So.2d 529

SCOTT v. STATE.

4 Div. 371.

Supreme Court of Alabama.

June 7, 1945.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

W. R. Martin, of Ozark, for appellant.

LIVINGSTON, Justice.

Defendant was convicted in the Circuit Court of Dale County of robbery and from a sentence of death brings this appeal. The appeal comes to us under the automatic appeal act, approved June 24, 1943. General Acts of 1943 page 217, Code 1940, Tit. 15, § 382(1) et seq.

The defendant did not testify in his own behalf, nor did he offer any evidence in defense of the crime charged in the indictment.

The undisputed testimony revealed the following: Mrs. Bessie Hatcher owned and operated a general mercantile business in the town of Pinckard, Dale County, Alabama. She kept no clerk. About eight o'clock in the morning of August 18, 1944, Mrs. Hatcher was alone in her place of business when the defendant, a negro soldier, came in and asked to see a regulation (army) suit. Mrs. Hatcher told him that she did not have the trousers, but did have a shirt. Defendant looked at the shirt, but did not buy, and went out of the store. On each side of the store front door there was a large glass window. After the defendant left the store, Mrs. Hatcher took some money from her purse and put it in the cash register, and put the purse containing approximately $2,700 under the counter near the cash register. Defendant came back in the store and told Mrs. Hatcher he believed he would take the shirt, and as she turned to get it defendant struck her on the head with an iron rod about eighteen inches long, knocked her down, took her purse from under the counter, and left the store. Shortly thereafter, defendant was arrested about one mile from Pinckard, placed in an automobile and brought back to Pinckard. A search of his person produced $2,711 in currency of the United States of America, which was identified by Mrs. Hatcher as her property. After proper predicate, and without objection, defendant's complete confession was introduced in evidence.

The indictment is in due and legal form, and is sufficient to charge the defendant with the offense of robbery.

Defendant interposed a special plea in which objection was made to the jurisdiction of the Circuit Court of Dale County, Alabama, on the ground that he was a member of the armed forces of the United States in time of war, and, therefore, the civil authorities were without jurisdiction over his person to try him for an offense against the laws of the State of Alabama.

As there was no demand by the military authorities for the surrender of the accused, what would have been the effect of such a demand, if made, is not before us. Defendant's argument seems to rest upon the broad assumption that the Articles of War, Articles 93, 74, 10 U.S.C.A. §§ 1565 and 1546, vest in the military courts during a state of war exclusive jurisdiction to try and punish persons in the military service for offenses committed by them, which are violative of the law of the several states.

Section 1565, supra, provides: "Any person subject to military law who commits manslaughter, mayhem, arson, burglary, housebreaking, robbery, larceny, embezzlement, perjury, forgery, sodomy, assault with intent to commit any felony, assault with intent to do bodily harm with a dangerous weapon, instrument, or other thing, or assault with intent to do bodily harm, shall be punished as a court-martial may direct."

Under this section the offense charged against defendant was within the jurisdiction of the military courts, but there is nothing in said section suggesting that the jurisdiction there conferred is exclusive. On the other hand, section 1546, supra, makes mandatory provision for the delivery of military subjects to the civil authorities for trial for offenses within the jurisdiction of the civil courts. The section reads as follows:

"When any person subject to military law, except one who is held by the military authorities to answer, or who is awaiting trial or result of trial, or who is undergoing sentence for a crime or offense punishable under these articles, is accused of a crime or offense committed within the geographical limits of the States of the Union and the District of Columbia, and punishable by the laws of the land, the commanding officer is required, except in time of war, upon application duly made, to use his utmost endeavor to deliver over such accused person to the civil authorities, or to aid the officers of justice in apprehending and securing him, in order that he may be brought to trial. Any commanding officer who upon such application refuses or willfully neglects, except in time of war, to deliver over such accused person to the civil authorities or to aid the officers of justice

in apprehending and securing him shall be dismissed from the service or suffer such other punishment as a court-martial may direct.

"When, under the provisions of this article, delivery is made to the civil authorities of an offender undergoing sentence of a court-martial, such delivery, if followed by conviction, shall be held to interrupt the execution of the sentence of the court-martial, and the offender shall be returned to military custody, after having answered to the civil authorities for his offense, for the completion of the said court-martial sentence."

■ It does not lie with the accused to select the tribunal by which he is to be tried. The defendant was, therefore, insofar as jurisdiction is concerned, legally tried in the Circuit Court of Dale County, Alabama, and the trial court overruled his special plea without error. Coleman v. Tennessee, 97 U.S. 509, 24 L.Ed. 1118; Caldwell v. Parker, 252 U.S. 376, 40 S.Ct. 388, 64 L.Ed. 621; United States v. Hirsch, D.C., 254 F. 109; Castle v. Lewis, 8 Cir., 254 F. 917; In re Kelly, C.C., 71 F. 545; United States ex rel. Drury v. Lewis, C.C., 129 F. 423, affirmed 200 U.S. 1, 26 S.Ct. 229, 50 L. Ed. 343; Ex parte Sumner, 143 Tex.Cr.R. 238, 158 S.W.2d 310.

In addition to the foregoing authorities, we note that in the case of United States et al. v. Matthews, 49 F.Supp. 203, the District Court for the Middle District of Alabama, denied petition for the writ of habeas corpus filed by the commanding officer of a soldier who was then in the custody of State authorities, charged with an offense against the laws of Alabama, and committed at a time when the United States was at war.

■■ In brief defendant complains that negroes were systematically excluded from the jury box of Dale County, Alabama, from which box was drawn the venire of grand and petit jurors that indicted and tried him. This question was not raised in the court below, and the record before us is silent in that regard. As a consequence, there is nothing before this Court for review. The proper way to raise this question is by plea in abatement or motion to quash the indictment. Millhouse v. State, 232 Ala. 567, 168 So. 665; Vaughn v. State, 235 Ala. 80, 177 So. 553; Norris v. State, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074; Wimbush v. State, 237 Ala. 153, 186 So. 145; Johnson v. State, 134 Ala. 54, 32 So. 724; Bell v. State, 227 Ala. 254, 149 So. 687.

■ Defendant further complains in brief that there was an inflamed public feeling against him, and that his trial followed too quickly the commission of the offense. That these, together with the lack of sleeping accommodations for the jury, greatly prejudiced his right to a fair and impartial trial. Defendant made no motion for a change of venue, and the record itself does not reveal that the trial was had in an atmosphere prejudicial to a fair and impartial trial. On the contrary, the record discloses that the trial was conducted with due decorum.

■ Defendant further complains in brief of certain portions of the trial court's oral charge, but reserved no exception thereto on the trial of the case. We held in the recent case of Easley v. State, 20 So.2d 519,[1] that the provisions of automatic appeal statute are not broad enough to require this Court to review the oral charge without exception thereto.

■ This court is without authority in criminal cases to reduce the punishment fixed by the jury in the exercise of the discretion given them by law.

We have carefully examined the record before us, and find no error to reverse.

Affirmed.

All the Justices concur.

BROWN, Justice (concurring specially).

I concur in the affirmance, and though the statement, that this court is without authority to reduce the punishment fixed by the jury, is mere dictum in this case, I am of opinion that the Court, in the absence of statute, has no authority to reduce the punishment fixed by the jury. The automatic appeal statute authorizes a reversal if in the opinion of the court the punishment fixed is contrary to the great weight of evidence.

[1] 246 Ala. 359.