264 So.2d 549

In re Samuel BROWN

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

6 Div. 858.

Supreme Court of Alabama.

June 10, 1971.

William J. Baxley, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

Michael J. Romeo, Billy L. Church, Birmingham, for respondent.

MERRILL, Justice.

The decision of the Court of Criminal Appeals has been presented to us for review on the ground that it involves a question of first impression in the appellate courts of this state.

We cannot agree with the majority opinion of that court in the holding that the death sentence of the defendant, Samuel Brown, and by implication, similar sentences of other living defendants can be commuted to life sentences by that court, or that the failure of the legislature to change the place of execution from Kilby Prison, which was abandoned in January, 1970, to the new Holman Prison at Atmore, constitutes "psychological cruelty." No matters arising out of the trial of the case are presented to us.

The Constitution of Alabama of 1901, Amendment 38, provides in its opening sentence: "The Governor shall have power to grant reprieves and commutations to persons under sentence of death." In Montgomery v. State, 231 Ala. 1, 163 So. 365, this court had held that the power to grant reprieves, paroles, commutations of sentence, and pardons lay wholly within the power of the governor under Section 124 of the Constitution of 1901, and the legislature had no power to transfer or delegate that power to the courts. Amendment 38 retained the power in the governor to grant reprieves and commutations to persons under a death sentence, but did grant to the legislature the power to authorize the courts to exercise probation power. In re Upshaw, 247 Ala. 221, 23 So.2d 861.

As Judge Almon points out in his excellent dissenting opinion, neither the trial courts nor the appellate courts of this

state have any authority to modify or commute a death sentence properly imposed. *Wilson v. State*, 268 Ala. 86, 105 So.2d 66; *Scott v. State*, 247 Ala. 62, 22 So.2d 529. The Court of Criminal Appeals erred in attempting to commute the sentence in the instant case.

■ We cannot agree that the failure of the legislature to substitute the name of another prison for Kilby Prison as the place of execution constitutes psychological cruelty by any branch of state government in the case of the defendant or of the other persons now on "Death Row."

According to the records, the last execution in Kilby Prison was on January 15, 1965, when a white male was electrocuted as punishment set by a jury on the charge of murder in the first degree.

■ It is common knowledge in both lay and legal circles that cases have been working their way up through the federal courts and have been pending in the Supreme Court of the United States on the question of whether a death sentence is cruel and unusual punishment.

It is also common knowledge that governors, or the appropriate authorities in every state which allows a death sentence, have granted reprieves while these cases have been making their way through the federal courts, and there have been no executions in any of the states or by the federal government since 1967.

No final commuting authority, be it a president, governor or other, cares to be faced with the possibility that he permitted an execution while the Supreme Court of the United States had cases before it presenting the question as to whether the death penalty be unconstitutional. For that single reason, we are confident that there will be no electrocutions in this or other states until the Federal Supreme Court has settled the question.

The "Death Rows" of practically all of the states which permit death sentences are full, 641 men and 7 women,[1] but if there is any psychological cruelty, it results in the failure of the Supreme Court of the United States to decide the federal constitutionality question rather than the failure of a legislature to designate a suitable place of execution in any particular state. We reject the application of the doctrine of psychological cruelty in this case.

■ We cannot agree that the legislature has, to this point, been too dilatory in this matter. The opinion of the lower court shows that the last inmates left Kilby Prison on January 21, 1970. The first regular session of the legislature since that abandonment convened on May 3, 1971 and recessed for three weeks. Bills amending Tit. 15, § 348, Code 1940 have already been introduced.[2] In view of the real reason why there have been no executions at Kilby or anywhere else since 1967, we do not agree that the legislature has been negligent in handling the question.

■ We do not agree that the legislative intent in designating, in 1923, that "The execution shall take place inside the walls of Kilby Prison at Montgomery" was or is so mandatory that when there is no Kilby Prison, there is an implied repeal of the death penalty in Alabama.

In 1923, the new Kilby Prison was reputed to be one of the finest in the nation, and it was the *principal* prison in Alabama. It was the first and only prison in this state to be equipped with an electric chair. We think it was named in the act because it was the name and location of the principal prison in the state, and we cannot give the words "Kilby Prison at Montgom-

1. As of May 14, 1971
   Source: Citizens Against Legalized Murder

2. A bill passed the H. of R. on June 3, 1971

ery" some magical power to repeal the death penalty in Alabama.

Having reached the conclusion that our appellate courts cannot commute a death sentence, and the doctrine of psychological cruelty has no application in this case, we see no reason to decide the question of ex post facto or bills of attainder which are discussed in the majority and minority opinions of the Court of Criminal Appeals because no question involving a change in the law is before us at this time, nor was that question before the Court of Criminal Appeals. In view of the fact that the Court of Criminal Appeals has seen fit to write to the ex post facto question, we do note, in addition to the authorities cited by Judge Almon in his dissenting opinion, three cases implicitly or expressly bearing on that subject.

In Bachelor v. State, 216 Ala. 356, 113 So. 67, this court affirmed that electrocution was a valid punishment to a defendant, if resentenced, who had been sentenced to "be hanged by the neck until he is dead."

In Malloy v. South Carolina, 237 U.S. 180, 35 S.Ct. 507, 59 L.Ed. 905, it was argued that the act changing punishment from hanging to electrocution was ex post facto because of a change of place and an increased number of witnesses were required. The court said, in part: "The statute under consideration did not change the penalty—death—for murder, but only the mode of producing this, together with certain nonessential details in respect of surroundings. The punishment was not increased, and some of the odious features incident to the old method were abated."

And in State ex rel. Pierre v. Jones, 200 La. 808, 9 So.2d 42, cert. denied 317 U.S. 633, 63 S.Ct. 64, 87 L.Ed. 510, an act providing that every sentence of death should be inflicted by electrocution was held not to be an ex post facto law because of its retrospective effect.

The judgment of the Court of Criminal Appeals is reversed insofar as it is in conflict with this opinion and the cause is remanded to that court.

Reversed in part and remanded.

All the Justices concur except HEFLIN, C. J., who does not participate for reasons herein stated.

HEFLIN, Chief Justice, did not participate in this opinion and decision, stating his reasons as follows:

At the present time, there is no effective statutory provision concerning the execution of a death sentence since Kilby Prison has been razed and the Legislature of Alabama has not authorized another place for such execution. Until the legislature acts, the prisoner in this case and others who have been sentenced to death cannot be electrocuted. Under such circumstances, I feel that the determination of the matters before this Court should be withheld pending the opportunity for the legislature to take some action. Should the legislature fail to act, many of the matters in this Court's foregoing decision may turn out to be interim decisions, and this Court may be confronted with problems and alternatives which could materially affect the matters decided in the foregoing opinion.

Since no useful purpose will be served by a speedy premature decision of this Court, I neither concur nor dissent. In my opinion, the better course of action is to withhold a decision on these matters until either the legislature acts or until, at least, the present regular session of the legislature ends, should it fail to take action.