264 So.2d 553

In re Samuel Lee BROWN

v.

STATE of Alabama.

Ex parte Samuel Lee Brown.

6 Div. 940.

Supreme Court of Alabama.

May 1, 1972.

Rehearing Denied June 8, 1972.

Michael J. Romeo, and Billy Church, Birmingham, for petitioner.

William J. Baxley, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

MADDOX, Justice.

Petitioner, Samuel Lee Brown, was convicted of murder and was sentenced to die by electrocution. The Court of Criminal Appeals initially held that sentence of death could not be carried out because Kil-

by Prison, the place designated by statute in which the execution was to be made, had been torn down and a new prison built. The Court modified the sentence of death to one of life imprisonment and affirmed the judgment. Brown v. State, 1971, 6 Div. 128, 48 Ala.App. 304, 264 So. 2d 529.

This Court reversed. Ex parte State of Alabama ex rel. Attorney General (In Re Brown v. State of Alabama) 6 Div. 858, 1971, 288 Ala. 680, 264 So.2d 549.

After remandment, the Court of Criminal Appeals affirmed the judgment of the trial court without an opinion.

Brown subsequently petitioned this Court for certiorari and the writ was granted. Briefs were filed and the cause was argued and submitted. Brown argues substantially two points: (1) that the jury should not have been asked whether they had personal conscientious or religious scruples against the imposition of the death penalty, and (2) a photograph of the deceased in the morgue was so prejudicial that it was inadmissible.

■ Petitioner argues that he was entitled to have a jury picked from a cross section of the community and that the State should not have been permitted to ask any question concerning a juror's attitude about capital punishment except a question which would elicit information which would constitute a ground of challenge for cause under Witherspoon v. State of Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). As we understand petitioner's argument, he would have us follow the rationale of the dissenting opinion in *Witherspoon*, supra. This we do not think is constitutionally required. Therefore, there is no merit in this argument.

■ Petitioner's other principal argument is that a picture of the deceased which was admitted in evidence was so prejudicial that a reversal should result. We disagree. We have looked at the picture of the deceased and since it clearly shows what appears to be a bullet hole in the head of the deceased, there was no error in its admission. 6 Ala. Digest, Criminal Law, ☞438.

The Judgment of the Court of Criminal Appeals of November 9, 1971 affirming, without opinion, the judgment of the trial court, is due to be affirmed.

Affirmed.

LAWSON, MERRILL, COLEMAN, HARWOOD, BLOODWORTH and Mc-CALL, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice (dissenting):

The photograph of the deceased was taken on a slab with the head of the deceased shaved. There are markings on the skull which appear to be section and quarter markings in preparation for an autopsy. The photograph depicts a bullet hole centered in his forehead (which apparently would not have been hidden by his hair). There were material alterations in the appearance of the deceased from the condition that he was in following the incident of his death. Objections were also made pertaining to the remoteness of time from his death and the time that the photograph was taken. It would appear that the State had ample time to procure a picture of the deceased before his hair was removed and before he was apparently marked for autopsy. The picture is highly prejudicial and gives the appearance of a ghoul in a horror movie rather than an actual fair representation of how the deceased would have looked at the time of death.

I am well aware of the decisions that hold that gruesomeness is not a ground for excluding photographs of the deceased in a homicide prosecution even when they tend to inflame the minds of the jury, if they have probative value on a material issue. Palmore v. State, 283 Ala. 501, 218 So.2d 830; Baldwin v. State, 282 Ala. 653, 213 So.2d 819. However, in this case highly prejudicial alterations were made on the

body of the deceased and such alterations fail to serve any useful purpose in connection with the bullet hole. I fail to find a case where a photograph was admitted after prejudicial alterations were made to the body of a deceased and the prejudicial alterations served no helpful purpose to explain or show a material condition.

Therefore, I respectfully dissent.