This is an obscenity case involving the exhibition of a movie entitled "Honeypie" in violation of Birmingham City Ordinance 16-18 as amended.
The defendant was employed as a clerk and movie projectionist at the Tomkat Theatre in Jefferson County. He was tried and convicted in Municipal Court. He appealed to the Circuit Court, was tried by a jury and fined five hundred dollars. The trial judge imposed a sentence of 180 days hard labor.
 I
In Holderfield v. City of Birmingham, Ala.Cr.App.,380 So.2d 990, (1979), this Court held that a jury trial is not constitutionally required for an obscenity prosecution in the municipal court.
 II
As in Starley v. City of Birmingham, Ala.Cr.App.,377 So.2d 1131 (1979), and Holderfield, supra, there is no evidence that Birmingham City Ordinance 16-18 as amended has been intentionally and selectively enforced in violation of the equal protection clause of the Fourteenth Amendment.
 III
The defendant alleges that the cumulative effect of prejudicial statements by the trial court and the prosecutor in reference to the film denied him a fair and impartial trial.
During the voir dire examination of the jury venire, the prosecutor inquired:
 "Do you realize that you have the duty to serve on this jury if you are so selected even though the subject matter is unpleasant, degrading of the love act and degrading of the actors?"
* * * * * *
 ". . . — assuming that you find the subject matter to be projected on that screen, to be unpleasant, degrading of the love act and degrading to the actors, would you still be able to sit on this case, take the evidence, take the law as Judge Cole will give it to you and reach an unbiased verdict based on the evidence and the law in this case?"
Also, the trial judge stated:
 "Just because this movie which somebody is going to see, twelve of you, is distasteful, *Page 569 
just because you may not approve of it, that is no reason nor am I excusing anyone for that reason."
* * * * * *
 "But those are the two criteria, can you base your verdict in this case on what the law is absolutely and on what the evidence is absolutely."
In Starley, supra, this Court addressed a similar issue:
 "During the voir dire examination of the venire, the trial judge, in response to a venireman's doubt that he could not view the evidence fairly and impartially, instructed the venire that many cases contain revolting evidence which may result in a jury having unpleasant jobs, duties, and responsibilities. Furthermore, he stated that each juror would be applying contemporary community standards when viewing the magazine and that each one would not be asked to apply his or her personal opinion to it. The appellant did not object to this instruction.
 "We find that the trial judge did not commit error in instructing the venire as to the possible unpleasantness of their job."
In Brown v. State, 48 Ala. App. 304, 307, 264 So.2d 529, 531, reversed on other grounds, 288 Ala. 680, 264 So.2d 549 (1971), this Court held that the trial court's use of the phrase "regardless of how nauseating the evidence may be" while qualifying a jury with respect to their feelings about the imposition of the death penalty did not constitute error.
Probable prejudice for any reason disqualifies a prospective juror. Grandquest v. Williams, 273 Ala. 140, 135 So.2d 391
(1961). The trial court has a duty to ascertain whether jurors called for trial are subject to disqualification. Folkes v.State, 17 Ala. App. 119, 82 So. 567 (1919); Alabama Code (1975), Section 12-16-150. Alabama criminal trial procedure dictates that the prosecution, as well as the defense, has "the right to examine jurors as to their qualifications, interest, or bias that would affect the trial of the case". See Title 30, Section 52, Code of Alabama 1940. For these reasons, the remarks of the trial judge and the prosecutor were not error.
We have carefully examined the comments by the prosecutor in his closing argument which the defendant finds objectionable. They do not constitute reversible error. The trial judge overruled the objections and instructed the jury, in effect, that counsel are allowed to comment upon the reasonable inferences to be drawn from the evidence. A prosecutor "may comment on proper inferences which may be drawn from the evidence and may draw conclusions from the evidence based on his own reasoning". Andrews v. State, 359 So.2d 1172, 1178
(Ala.Cr.App. 1978).
 IV
The defendant was originally convicted in municipal court, fined two hundred and fifty dollars and sentenced to thirty days' imprisonment. He appealed his conviction to the circuit court and demanded a trial by jury. The jury found the defendant guilty and imposed the maximum fine of five hundred dollars. The circuit judge then imposed one hundred eighty days' imprisonment as additional punishment upon the defendant. The defendant contends that the circuit judge imposed a greater sentence because he exercised his right to a trial by jury.
From the record, it is clear that the sentence the defendant received in the municipal court was immaterial and not considered by the circuit judge in imposing punishment. The evidence and figures introduced by the defendant do not support his contention. There was no unconstitutional "price" placed on the defendant's demand for a jury trial on appeal from the municipal court. We find no violation of the letter or spirit of Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098,40 L.Ed.2d 628 (1974); Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953,32 L.Ed.2d 584 (1972); North Carolina v. Pearce, 395 U.S. 711,89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). See Clark v. City of Mobile,357 So.2d 675 (Ala.Cr.App.), cert. denied, 357 So.2d 680 (Ala. 1978). *Page 570 
At the hearing on the defendant's motion for reduction of jail sentence, the trial judge described the film as "terrible . . horrible . . . just the filthiest film I have ever seen . . . nauseating — Well, it almost made me regurgitate it was so terrible". We have searched the record as required by law for error prejudicial to the defendant. Finding none, we affirm the judgment of the Circuit Court.
AFFIRMED.
All Judges concur.