TYSON, Judge.
James W. Steeley, Jr., was cited for speeding in violation of § 32-5A-171, Code of Alabama 1975, on January 6, 1988. On February 17, 1988, the Calhoun County, Alabama, District Court found this appellant guilty and fined him $62.50. The appellant appealed to the Calhoun County Circuit Court and, on November 29, 1988, was given a trial de novo. The petit jury found the appellant “guilty as charged.” The trial judge sentenced the appellant to ten days in the county jail and fined him $200.00, in accord with § 32-5A-8, Code of Alabama 1975, for a second offense within one year of the prior offense.[1]
The appellant stated that he was a “nonpracticing licensed attorney” (R. 4) and wished to proceed pro se. The trial judge granted the appellant’s request.
The appellant now files this appeal (7 Div. 217-A) and a companion case (7 Div. 217), again proceeding pro se. In each case, the appellant raises four issues in his briefs. The first three issues in both cases are identical. The fourth issue, however, differs.
I
We have fully addressed the first three issues raised and argued in this cause in (Ala.Crim.App.1989) 567 So.2d 398, and adopt in full that part in this opinion, as to these issues.
II
Andrew Gerald Johnson, an Alabama State Trooper, testified for the State. Trooper Johnson stated that on January 6, 1988, he clocked this appellant doing in excess of the speed limit on U.S. Highway 431 outside of Gadsden, Alabama. Trooper Johnson stated that he clocked this appellant after he made a visual observation of this appellant speeding in his automobile.
On cross-examination of this witness, the appellant sought to elicit certain information about the operation of the radar equipment. First, the appellant asked this wit *398 ness about the “zone of influence.” The witness responded that he was not familiar with that term. The State objected, arguing that the witness was not a technician of the internal operation of the equipment. (R. 54-55.)
The appellant also asked the witness for “calibration records from an independent laboratory.” The State objected, stating that this information was outside the knowledge and skill of this witness. The trial court sustained. (R. 68-69.)
Again, the appellant asked this appellant about the “zone of influence.” The appellant objected and the court sustained that objection. (R-86-87.)
Finally, the appellant asked the witness to draw the area in which the radar beam would cover on a four-lane highway. The State objected. The trial judge inquired further into the witness’ knowledge in this regard. The witness responded that the beam would cover all four lanes at approximately 1000 feet. (R. 88.)
The appellant’s primary contention is that the witness was certified as an expert in Doppler radar operation. (R. PC-32.). The appellant argues that the trial judge’s refusal to allow him to inquire into the more technical matters hindered his defense; thus, according to this appellant, the trial judge abused his discretion.
We disagree. It is settled law in this state that “[t]he range of cross-examination is within the discretion of the trial court unless substantial injury would thereby result to defendant.” Cooper v. State, 55 Ala.App. 576, 317 So.2d 543, 546 (1975), and cases cited therein.
The appellant maintains that his ability to adequately cross-examine this witness, in accord with § 12-21-137, Code of Alabama 1975, was defeated because he was not allowed to question this witness on the technical aspects of the radar system. As to these matters, however, the witness responded that he lacked knowledge or had little knowledge as to the matters to which the appellant was inquiring.
Whether an expert may be allowed to testify on a given matter is a decision which is within the province of the trial judge. His decision will not be disturbed absent a showing of palpable abuse of discretion. Colburn v. State, 494 So.2d 120, 123 (Ala.Cr.App.1985); Fleming v. State, 470 So.2d 1343, 1347 (Ala.Cr.App.), cert. denied, 470 So.2d 1343 (Ala.), cert. denied, 474 U.S. 857, 106 S.Ct. 164, 88 L.Ed.2d 136 (1985); Pinkerton v. State, 417 So.2d 606, 607 (Ala.Cr.App.1982); Gullatt v. State, 409 So.2d 466, 473 (Ala.Cr.App.1981). Furthermore, experts may not testify to matters outside their knowledge. Crawford v. Hall, 531 So.2d 874, 875 (Ala.1988); C. Gamble, McElroy’s Alabama Evidence § 105.01 (3rd ed. 1977) (“firsthand knowledge rule”).
Thus, the trial judge’s decision in the case at bar is entirely consistent with the law of this state. It is entirely permissible for a trial judge to allow an expert to testify to matters within his knowledge and experience, while disallowing him to testify to matters of which he is unknowledgeable.
For the reasons stated, the decision of the trial court is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.
TAYLOR, P.J., concurs in result only.

. We note that the judge, during sentencing, reversed the two cases. Circuit Court #CC-88-177 was tried first and involved the speeding ticket the appellant was given on January 6, 1988. Circuit Court #CC-88-176 was tried second and involved the speeding ticket the appellant was given on January 12, 1988. CC-88-177 should have been the lesser sentence and the prior violation for enhancement purposes of CC-88-176. But, since both violations were the same, the judge’s reversal of the two was harmless.