TYSON, Judge.
James W. Steeley, Jr. was cited for speeding, in violation of § 32-5A-171, Code of Alabama 1975, on January 12, 1988. On February 17, 1988, the Calhoun County, Alabama, District Court found this appellant guilty and fined him $62.50. The appellant appealed to the Calhoun County Circuit Court, and, on December 2-, 1988, was given a trial de novo. The petit jury found the appellant “guilty as charged.” The trial judge sentenced the appellant to ten days in the county jail and fined him $100.
The appellant stated that he was a “nonpracticing licensed attorney” (R. 3) and wished to proceed pro se. The trial judge granted the appellant’s request.
The appellant now files this appeal and a companion case (7 Div. 217-A), again proceeding pro se. In each case, the appellant raises four issues in his briefs. The first three issues in both cases are identical. The fourth issue, however, in each case differs.
I
The appellant first contends that the procedures set out in § 32-5A-8, Code of Alabama 1975, denied him due process of law.
The appellant also claims that the trial judge abused his discretion when he sentenced this appellant to a more severe punishment than he received in the district court. Furthermore, the appellant alleges that the trial judge erred by using prior speeding convictions to enhance his sentence.
Since these three issues are so interrelated, we will address them together.
This appellant, in a matter of a week, received two speeding tickets. He paid fines of $62.50 for each ticket to the Calhoun County District Court. He then appealed to the Calhoun County Circuit Court, challenging both tickets.
*400 The appellant received the first ticket on January 6, 1988. He was fined by the district court on February 17, 1988. He appealed to the circuit court, and a trial de novo was held on November 29, 1988. (CC # 88-177.) The petit jury returned a verdict of guilty as charged.
The appellant was again ticketed on January 12,1988. He was fined by the district court on February 6, 1988. He appealed to the circuit court, and a trial de novo was held on December 2, 1988. (CC-88-176.) This petit jury, likewise, returned a verdict of guilty as charged.
A sentencing hearing was held on December 29, 1988, on both convictions. A report was provided to the trial court which disclosed this appellant’s prior driving record. He received a speeding ticket in Etowah County, Alabama, in 1986. He received a second speeding ticket in Etowah County on January 12, 1988, the same day as one of the tickets he received in Calhoun County, Alabama. He was convicted on both tickets in the Etowah County Circuit Court.
The trial judge, however, refused to use the two Etowah County convictions as prior offenses, because of problems with timing and remoteness. Instead, the trial judge counted the two convictions in his court as convictions number one and two for purposes of the sentencing statute. Ala.Code § 32-5A-8 (1975).
A
On the first conviction, the trial judge sentenced the appellant to ten days in the county jail, plus costs. On the second conviction, the trial judge sentenced him to ten days in the county jail and fined him $200, plus costs.
The sentencing statute which this appellant now challenges is set out as follows:
“(a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.
“(b) Every person convicted of a misdemeanor for a violation of any of the provisions of this chapter for which another penalty is not provided, shall for a first conviction thereof be punished by a fine of not more than $100.00 or by imprisonment for not more than 10 days; for conviction of a second offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $200.00 or by imprisonment for not more than 30 days or by both such fine and imprisonment; for conviction of a third or subsequent offense committed within one year after the date of the first offense, such person shall be punished by a fine of not more than $500.00 or by imprisonment for not more than three months or by both such fine and imprisonment.”
Ala.Code § 32-5A-8 (1975).
Clearly, this statute provides for enhanced punishment if the accused has two or more convictions which occurred within a one-year time span. Since the trial judge considered only the two speeding convictions in Calhoun County, Alabama, which occurred within three days of each other, enhancement of sentencing was proper. Furthermore, our review of the record discloses that this appellant was sentenced within the mandates of the challenged statute.
B
The appellant’s contention that he was not represented by counsel at either conviction is likewise without merit. The record discloses, without question, that this appellant waived the right to counsel and chose to represent himself. Additionally, the colloquy between the trial judge and this appellant before each trial discloses that the appellant claimed to be a “nonpracticing licensed attorney.” The right to counsel may be waived. Smith v. State, 471 So.2d 501, 503 (Ala.Cr.App.1984).
C
The appellant claims further that § 32-5A-8, Code of Alabama 1975, denies an accused due process of law, because it allows a trial judge to sentence the accused *401 to a more extreme sentence than he received in the district court. In effect, the appellant argues that he was punished for exercising his statutory and constitutional right to an appeal. See U.S. Const, amend. XIV; North Carolina v. Pearce, 395 U.S. 711, 723-24, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969).
In this vein, the appellant avers that the trial judge in the circuit court acted vindictively by sentencing him to jail time and higher fines than he received in the district court. As a result, the appellant argues that the trial judge abused his discretion.
The United States Supreme Court stated in Pearce, as follows:
“In order to assure the absence of such a motivation [for vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing hearing.”
Pearce, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670.
The State responded in its brief that the Pearce analogy was not directly applicable to the situation at hand. Here, as previously stated, the appellant appealed his conviction to the circuit court and received a trial de novo.
The State cites this court to Blackledge v. Perry, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), which discusses the Supreme Court’s treatment of Pearce in different situations. See Colten v. Kentucky, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); Chaffin v. Stynchcombe, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).
The situation in Colten is identical to the situation in the case at bar, as was summarized by the Supreme Court in Blackledge as follows:
“In Colten v. Kentucky, 407 U.S. 104 [92 S.Ct. 1953], the Court was called upon to decide the applicability of the Pearce holding to Kentucky’s two-tiered system of criminal adjudication. Kentucky, like North Carolina, allows a misdemeanor defendant convicted in an inferior trial court to seek a trial de novo in a court of general jurisdiction. The appellant in Colten claimed that the Constitution prevented the court of general jurisdiction, after trial de novo, from imposing a sentence in excess of that imposed in the court of original trial. This Court rejected the Pearce analogy. Emphasizing that Pearce was directed at insuring the absence of ‘vindictiveness against a criminal defendant who attacked his initial conviction on appeal, the Court found such dangers greatly minimized on the facts presented in Colten. In contrast to Pearce, the court that imposed the increased sentence after retrial in Colten was not the one whose original judgment had prompted an appellate reversal; thus, there was little possibility that an increased sentence on trial de novo could have been motivated by personal vindictiveness on the part of the sentencing judge. Hence, the Court thought the prophylactic rule of Pearce unnecessary in the de novo trial and sentencing context of Colten.”
Blackledge, 417 U.S. at 26, 94 S.Ct. at 2101-02, 40 L.Ed.2d at 633-34 (emphasis added). See also Richardson v. City of Trussville, 492 So.2d 625, 630 (Ala.Cr.App.1985).
Additionally, the Supreme Court in Blackledge stated:
“The lesson that emerges from Pearce, Colten, and Chaffin is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of ‘vindictiveness.’ ”
Blackledge, 417 U.S. at 27, 94 S.Ct. at 2102, 40 L.Ed.2d at 634.
Thus, the appellant must show to this court that the trial judge acted “vindictively” in sentencing him. The only evidence offered by this appellant was an alleged statement made by the trial judge in a local newspaper. The Anniston Star reported:
*402 “[Circuit Judge Sam] Monk said that Steeley had presented only a minimal defense in connection with one ticket and none in connection with the other. Monk said he questioned whether Steeley really felt he was justified challenging the tickets or. was manipulating the court system by demanding jury trials.” (R. PC-32C.)
We note, however, from reviewing the proceedings at the hearing on a motion for new trial that the trial judge made clear that “there was no vindictive punishment on behalf of this Court.” (R. 138.) Moreover, the record reveals that this appellant, in colloquy with the trial judge, referred to the newspaper articles upon which he now relies. The appellant concluded that he felt the trial judge relied on matters not before the court, such as his litigation with the Alabama Bar Association. The trial judge assured him this was not true.
The facts in this case are similar to Howell v. City of Birmingham, 383 So.2d 567 (Ala.Cr.App.), cert. denied, 383 So.2d 570 (Ala.), cert. denied, 449 U.S. 937, 101 S.Ct. 336, 66 L.Ed.2d 160 (1980). In Howell, the appellant was found guilty in the respective municipal court. He appealed to the circuit court and received a trial by jury. He was found guilty and received a greater sentence in the circuit court.
The trial judge in Howell expressed his views of the pornographic film for which this appellant was convicted for selling. The trial judge stated that he felt the film was “terrible ... horrible ... just the filthiest film I have ever seen ... nauseating —Well, it almost made me regurgitate it was so terrible.” Howell, 383 So.2d at 569-70.
In Howell, we held that the appellant’s sentence was not inconsistent with Black-ledge, Colten, or Pearce. There was no finding that the judge’s statements or the sentence imposed on Howell were prejudicial.
In the case sub judice, we likewise find that the statements by the trial judge were not prejudicial to nor vindictive toward this appellant. The statements which appeared in the newspaper were conveyed to the appellant during sentencing, where the trial judge questioned the appellant’s motives for appealing to the circuit court level.
Additionally, the statements by the trial judge were reasonable inferences based on the facts of each case. As the trial court pointed out, the focus of this appellant’s defense in each case was the inaccuracy of police-operated radar. The judge properly noted that this appellant received three tickets within seven days, two on one day, by three separate state troopers, and in two different counties. The appellant challenged all three and was found guilty of all three.
Therefore, we find that the evidence fails to indicate that the trial judge’s sentencing of this appellant was motivated by a vindictive attitude.
II
The appellant cross-examined Preston Earl Buchannon, the state trooper who cited this appellant for speeding in Calhoun County, Alabama, on January 12, 1988. The appellant produced a booklet which he claimed to be the manufacturer’s booklet of the K-55 radar. This type radar was apparently the kind used by Trooper Buchan-non to clock this appellant’s speed on the occasion in question.
The trooper stated that he did not recognize the booklet as being an authority on that radar unit, stating, “We don’t have it.” (R. 62.) As a result, the trial judge, on objection of the prosecutor, refused to allow the book into evidence unless the appellant could authenticate it.
The appellant argues that the trial judge’s ruling was error. In his brief, the appellant cites this court to two cases and a statute in the Code of Alabama. Our review of these sources reveals that they are not applicable to the issue which this appellant now raises on appeal.
Therefore, since the appellant failed to offer any evidence in support of his argument, this issue is deemed waived. Johnson v. State, 500 So.2d 494, 498 (Ala.Cr.App.1986); Vinzant v. State, 462 So.2d 1037, 1039 (Ala.Cr.App.1984).
*403 For the reasons stated, the decision of the trial judge is due to be, and the same is hereby, affirmed.
AFFIRMED.
All the Judges concur.