WOODALL, Justice.
The United States District Court for the Northern District of Alabama has certified to this Court the following questions:
“(1) Does Alabama law authorize the governor to grant a commutation of a sentence of life without parole to a sentence of life with the possibility of parole?
“(2) If so, what guidelines, if any, apply to the decision-making process?
“(3) Is a hearing before the governor required at which the prisoner can present his case?
“(4) May the denial of a grant of commutation or the refusal to rule on a request for commutation be challenged and, if so, in what forum, controlled by what rules or procedures?”
Our answer to the first question moots the remaining questions.[1]
The Alabama Constitution of 1901 originally provided:
“The governor shall have power to remit fines and forfeitures, under such rules and regulations as may be prescribed by law; and, after conviction, to grant reprieves, paroles, commutations of sentence, and pardons, except in cases of impeachment. The attorney-general, secretary of state, and state auditor *1229 shall constitute a board of pardons, who shall meet on the call of the governor, and before whom shall be laid all recommendations or petitions, for pardon, commutation, or parole, in cases of felony; and the board shall hear them in open session, and give their opinion thereon in writing to the governor, after which or on the failure of the board to advise for more than sixty days, the governor may grant or refuse the commutation, parole, or pardon, as to him seems best for the public interest. He shall communicate to the legislature at each session every remission of fines and forfeitures, and every reprieve, commutation, parole, or pardon, with his reasons therefor, and the opinion of the board of pardons in each case required to be referred, stating the name and crime of the convict, the sentence, its date, and the date of reprieve, commutation, parole, or pardon. Pardons in cases of felony and other offenses involving moral turpitude shall not relieve from civil and political disabilities, unless approved by the board of pardons and specifically expressed in the pardon.”
Ala. Const.1901, § 124 (emphasis added).
Section 124 of the constitution was amended in 1939, however, to provide:
“The governor shall have -power to grant reprieves and commutations to persons under sentence of death. The legislature shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation. No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon.”
Ala. Const.1901, Amendment No. 38 (emphasis added).
One of the petitioners argues that Amendment No. 38 did not curtail the powers of the governor to commute sentences, but, in fact, expanded those powers to include the power to commute sentences of death, which power was not expressly mentioned in § 124 as it read before its amendment. We disagree with this argument.
“[I]t clearly appears [Amendment No. 38] was intended as a substitute for [§ 124].” Summers v. State, 244 Ala. 672, 672-73, 15 So.2d 502, 503 (1943) (emphasis added). In other words, Amendment No. 38 “was designed to take the place of § 124.” Swift v. Esdale, 293 Ala. 520, 523, 306 So.2d 268, 271 (1975) (emphasis added). “The purpose of the amendment was to adopt a new system by which the State should administer ‘pardons, paroles [and] remission of fines,’ etc., and whereby such matters — thus disposed to legislative authority — were transferred from executive power.” Pinkerton v. State, 29 Ala.App. 472, 475, 198 So. 157, 158 (1940) (emphasis added). See also Ex parte Board of Pardons & Paroles, 793 So.2d 774, 776 (Ala.2000). “Amendment 38 [merely] retained the power in the governor to grant reprieves and commutations to persons under a death sentence ..." Brown v. State, 288 Ala. 680, 681, 264 So.2d 549, 550 (1971) (emphasis added).
The governor’s commutation power is limited .to the power plainly expressed in Amendment No. 38. There is, therefore, no constitutional or statutory provision “authoriz[ing] the governor to grant a commutation of a sentence of life without parole to a sentence of life with the possibility of parole.” Consequently, we answer question no. 1 in the negative. Because we have answered question no. 1 in the negative, we need not answer the remaining questions.
*1230 QUESTION NO. 1 ANSWERED; OTHER QUESTIONS DECLINED.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, and STUART, JJ., concur.

. The undisputed facts precipitating these questions are succinctly stated in the brief of the respondent:
"The certification request arose from federal habeas corpus petitions filed by twelve state inmates. [They] have been sentenced to life without parole either following a conviction for capital murder or pursuant to the Alabama Habitual Felony Offender Act. Petitioners allege that they have all sought commutation of their sentences from life without parole to life with the possibility of parole but that these petitions have been denied or ignored by Governor Don Siegelman or his predecessor, then-Governor Fob James.”